# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 30, 1895.

## CHARLES E. ELLICOTT
### VS.
## FRANK ELLICOTT.

*Steele, Semmes & Carey* for plaintiff.
*Wm. A. Fisher* for defendant.

DOBLER, J.—

The parties to this cause became partners on the 23rd of March, 1895.

540

The plaintiff was a special partner—the defendant a general partner. From the testimony it appears that each of the co-partners had his own idea of what was intended to be their actual relation towards each other so far as the responsibilities for losses was concerned. The special partnership was dissolved and a new firm established, a third partner in the person of Mr. Thomas Ellicott being added. Into the written articles of this second co-partnership, each of the parties to this case appears to have succeeded in engrafting his ideas of his own responsibility under the first partnership. The second partnership having been dissolved by the death of Mr. Thomas Ellicott, the survivors determined to carry on the business on the basis of the first firm, except that both were to be known as general partners. Possibly in assenting to this arrangement each partner believed that his own peculiar view of their relations between themselves was adopted or acquiesced in by the other, but I can find no evidence that either one ever, in any manner, expressed any change of mind upon the difference that early arose between them, arising from the claim on the part of the defendant that the plaintiff had agreed to bear all the ultimate loss of the business. In the absence of clear proof of a mutual understanding that one partner alone shall bear the loss, the Court must decree that the losses' and profits shall be borne and shared equally between the co-partners. The bookkeeping and explanations furnished by the late bookkeeper indicate an intention to charge the defendant with his share of the losses. I do not find sufficient in the testimony to overbear the presumption of law and the indications of the books, and must therefore sign a decree declaring the parties to this cause equally responsible for the losses of the firm of which they were lately members, and directing an account of said co-partnership to be stated.